Per Curiam.

The contract of Bragg in taking the land described, to cultivate, and to take one half of the produce as a compensation for his labor, may be regarded either as a contract to perform labor on the land of the plaintiff remaining in his own possession, and to receive his pay in produce ; or, as a hiring of the land for a term of time, rendering a rent payable in produce.[1] In the former case, the contract being entire, to perform the whole labor of cultivating the land and harvesting'the crop, no right to a share in the property would vest in the laborer, until the labor stipulated for by the contract was completed. In the mean time, the possession being in the plaintiff, the property in the crop must necessarily follow the interest in the land, until by a sale or other contract, the property in the produce vests in another. Here by force of the contract, such property was not to vest, until the performance of the stipulated labor.[2]
Regarding the contract as a letting of the land for the sea *212 son, and the relation and interest of Bragg as those of a tenant, his interest was that of a tenant at will only. By force of our statute, (St. 1783, c. 37, § 1,) all leases or other interests in lands, created by parol, shall have the force and effect of leases or estates at will only. At common law, an estate at will is an estate at the will of both parties, and of course determinable at the will of either. Co. Lit. 55 a. As to what shall constitute a determination of the will of either party, and put an end to the tenancy, the acts and declarations of the parties amounting to evidence of such determination are various, and adapted to the various cases of tenances at will. But it is well settled that any act of desertion on the part the tenant, or any act of either party, clearly inconsistent with the continuance of an estate at will, amounts in point of law to evidence of such determination, and puts an end to the tenancy.[3] Other rules are adopted to prevent such determination of the will, on the part of one party, from operating injuriously to the other, not material to the present question.
If Bragg was a tenant, having in that character the possession, this holding resulted by implication from the contract, and not by any actual letting to hire. The contract on his part was to cultivate the land and harvest the crop. He must necessarily for this purpose have access to the land, and whether such right of access was a license or a tenancy, in the view we have taken, is not material to the present question. Taking it to be a tenancy, it was so, by implication, for a particular object and purpose, and must therefore be deemed to be limited to the accomplishment of that purpose, and to extend only to such possession and for such time as might be necessary, pursuant to the terms of the contract, to raise and harvest the crop. But as Bragg, before the accomplishment of this purpose, before completing the labor stipulated for, absconded, without making any provision for its completion, we are all of opinion that this act amounted to conclusive evidence of a determination of his will, and put an end to his tenancy. From that time, the plaintiff was in as of his former estate, the property in the growing crop followed the interest in the soil, and was wholly vested in the plaintiff.
*213 Nor had Bragg any interest in this crop, by way of enablements. We have already alluded to the rule, that neither party shall determine his will, to the prejudice of the other. Where therefore the will is determined on the part of the lessor, the lessee is entitled to tne growing crops, by way of emblements, and has a right of ingress or egress, for the purpose of taking them. But it is otherwise where the will is determined by the lessee himself. There the growing crops belong to the lessor. 1 Cruise’s Dig. tit. 9, Estate at Will, c. 1, § 12; Stewart v. Doughty, 9 Johns. R. 108.* [1]
Whether therefore the contract of Bragg be regarded as a contract for services on the plaintiff’s land, payable in a certain share of the crop after harvest, or a letting to hire by the plaintiff to Bragg, we are of opinion, that upon the facts stated, Bragg had no interest in the property at the time of the attachment ; that in either view of the contract, the plaintiff was in the lawful possession of the premises, at the time the defendant entered to attach the property ; that the action of trespass quare clausum fregit is well maintained ; and therefore that there must be judgment on the verdict.[1]

 See Foot v. Colvin, 3 Johns. R. 216; Demott v. Hagerman, 8 Cowen, 220 ; Fort Ann v. Kingsbury, 14 Johns. R. 365.

 Chitty on Contr (4th Am. ed.) 458, note 1, and cases cited ; Hair v. Bell, 6 Vermont R. 35 ; Norris v Windsor, 3 Fairfield, 293 ; Hollingshead v. Martier, 13 Wendell, 276 ; Chitty on Contr. (4th Am. ed.) 451, note 3.

 See Hilliard’s Abr, 185.

 See Chitty on Contr. (4th Am. ed.) 292.

 See Lewis v. Lyman, 22 Pick. 437; 4 Kent’s Comm. (3d ed.) 118,119; Little v. Palister, 3 Greenleaf, 6.